Battle, J.
 

 We concur in the opinion given by his Honor an the court below, that the plaintiff is entitled to recover the whole amount of his claim. From the facts stated in the case agreed it appears that the defendant received the note in question for collection on the 15th day of March, 1861, and that he did nothing with it until the month of January, 1863. A delay of nearly two years must be regarded as
 
 prima fade
 
 evidence of negligence, and imposes upon the defendant the necessity of an explanation. He accordingly does attempt to account for the delay by the allegation that he was prevented from collecting the claim by the successive stay laws of May and September, 1861. A little attention to dates, considered in connection with the rule of law which applies to collecting officers, will show the invalidity of the excuse.
 

 The claim was put into the defendant’s hands on the 15th ■day of March, 1861, and the first stay law was enacted and went into operation the 11th day of May in the same year. At the ensuing June Term of the Supreme Court that law was decided to be unconstitutional, in the case of
 
 Barnes
 
 v.
 
 Barnes,
 
 8 Jon., 366; but, in the month of September following, another act was passed which is generally known .as the second stay law. The defendant, in the attempt to make good his excuse,-is forced to contend that he was not .guilty of any neglect by omitting to take any steps to collect between the 15th of March and the 11th of May, and in support of this he relies upon the rule of diligence as laid down in the case of
 
 Morgan
 
 v.
 
 Horne,
 
 Bus., 25. That •rule is thus stated: “ The degree of diligence to which a constable, acting in the capacity of a collecting agent, (under the act of 1818,) is held liable, is that which a prudent man would ordinarily exercise in the management of his own business;” therefore it was held in that case that the
 
 *334
 
 constable was not guilty of negligence by delaying six days to take out a warrant, and five days to take out execution after he had obtained a judgment,, it appearing that he had no instructions from the creditor and no ground to suspect the debtor of inability to pay the debt. In the same case it was said that no certain time, within which an officer must proceed, has been or perhaps can be laid down as applicable to all cases. A great variety of circumstances may require the rule to be varied, either extending or shortening the time within which he must act. An officer, when not urged to greater diligence by the creditor, and when there is no apparent danger of the loss of the debt, may, as we have seen, be excused for waiting five days before he takes out a warrant; but we think that total inaction for nearly two months is culpable negligence. No man of ordinary prudence in the management of his own affairs would wait so long after he had made up his mind to collect his debt; and an officer must know, from the very fact of a claim being put into his hands, that the creditor wishes it to be collected. It is no sufficient reply to this to say that if the officer had sued out a warrant, he could not have collected the debt before a law was passed to stay it. It cannot be certainly known that the debtor would have claimed the benefit of the law, or that he would not have paid the debt to prevent the suit. The creditor had the right to have the benefit of the chance of collection by the action of the officer, and it was negligence in him not to give him that to which .he was entitled. This view of the case establishes the liability of the defendant in the present action, and renders it unnecessary to consider the other points presented in the case agreed. A want of due diligence makes the .officer liable for the full amount of the claim, to the person who is entitled to receive it. See Rev. Code, c. 78, s. 3;
 
 Nixon
 
 v.
 
 Bagley,
 
 7 Jon., 4.
 

 The judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.